-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL WILLIAMS,

        Plaintiff,

    -v-

THE STATE OF NEW YORK, et al.,

        Defendants.

DECISION AND ORDER
13-CV-0003Sc



---

## INTRODUCTION

Plaintiff, Carl Williams, formerly an inmate at the Groveland Correctional Facility, has filed a pro se complaint under 42 U.S.C. § 1983, alleging his due process rights under the Fourteenth Amendment were violated when he was denied a "death-bed" visit to visit his gravely ill grandmother before she died. Compl., Jan. 2, 2013, ECF No. 1. Plaintiff also alleges he was denied mental health treatment following the death of his grandmother. Plaintiff moves for permission to proceed *in forma pauperis*. Motion, Jan. 2, 2013, ECF No. 2. For the following reasons, plaintiff's motion to proceed *in forma pauperis* is granted but the complaint is dismissed, pursuant to 28 U.S.C. § § 1915(e)(B)(ii) and 1915A, for failure to state a claim upon which relief can be granted.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) he is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all

inferences in plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (*per curiam*); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

### A. PLAINTIFF'S CLAIMS

Plaintiff alleges that after learning through a number of phone calls to and from Groveland, including calls between the Facility's Chaplain (defendant Chaplain John Doe) and the hospital, that his grandmother was gravely ill, the Chaplain informed plaintiff that he would submit on plaintiff's behalf a death-bed request to allow plaintiff to visit his

grandmother. Plaintiff was denied his request to visit his grandmother by "official[s]" responsible for making said decision despite the Chaplain's and two Corrections Counselors' (defendants Strollo and Wisniewski) knowledge of the gravity of the grandmother's condition. Plaintiff's grievance of the denial was denied and his appeal to the Superintendent (defendant S. Amoia) was denied. Plaintiff alleges that New York State Department of Corrections and Community Supervision, Directive 4206, created a "right" to a death-bed visit and that the denial of his request for a death-bed visit was a deprivation of such right in violation of the Eighth and Fourteenth Amendments.

Plaintiff also alleges that following the death of his grandmother, he suffered "severe mental anguish, emotional distress [and] pain and suffering," but was offered no mental health services until approximately one month after his grandmother's death and after he filed a grievance.

1. Death-Bed Visit: Due Process

Plaintiff's claim related to the denial of a death-bed visit must be dismissed because plaintiff had no right to such a visit. *See Roman v. Donelli*, 616 F. Supp. 2d 299, 305-06 (N.D.N.Y.2007) (adopting Report and Recommendation). As stated in *Roman*, "[i]t is well-settled that there is no constitutionally protected liberty or property interest in attending the funeral of a family member," *id.* at 305 (quoting *Verrone v. Jacobson*, No. 95 CIV. 10495(LAP), 1999 WL 163197, *14-15 (S.D.N.Y., March 23, 1999) and citing *Odom v. Coombe*, No. 95 CIV. 6378(DC), 1998 WL 120361, *3 (S.D.N.Y. March 18, 1998); *Mercer v. Green Haven Correctional Facility*, No. 94 CIV. 6238(DLC), 1998 WL 85734, *3–4 (S.D.N.Y. Feb. 27, 1998) (citations omitted); *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D.N.Y.1991)), and thus, there is no constitutional right to attend or receive approval for

a death-bed visit. *Roman*, 616 F. Supp. 2d at 305.[1] Neither DOCCS Directive 4026 nor section 113 of New York Corrections Law creates a liberty interest in a death-bed visit. *Id.* at 305-06.

To the extent plaintiff's complaint can be construed as alleging a cruel and unusual punishment claim under the Eight Amendment in relation to the denial of approval of a death-bed visit, it too must be dismissed because there are no allegations to support a claim that the denial involved the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Id.* at 307 (citing *Hathaway v. Couglin*, 37 F.3d 63, 66 (2d Cir. 1994); *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033 (1973)).

2. Mental Health Services

As noted, plaintiff alleges that after the death of his grandmother he was not offered any mental health services even after he requested them from a correctional officer. Further, he alleges that it was not until one month after his grandmother's death that he was referred to the Chaplain and then seen by mental health services after he filed a grievance. Compl. ¶ 13.

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Treatment of

---

[1] Plaintiff has not alleged nor raised any facts to support a claim of a denial of equal protection in relation to the denial of approval to visit grandmother. *See Roman*, 616 F. Supp. 2d at 307 ("In order to state an equal protection violation, plaintiff must show that he was selectively treated as compared to similarly situated inmates, and that his selective treatment was motivated by an impermissible consideration such as membership in a suspect class, retaliation for the exercise of a constitutional right, or malicious or bad faith intent to injure.").

mental disorders of mentally disturbed inmates is ... a serious medical need." *Guglielmoni v. Alexander*, 583 F. Supp. 821, 826 (D. Conn.1984).

In order to establish an Eighth Amendment violation, the prisoner must show that there was a sufficiently serious medical need and that the prison official demonstrated deliberate indifference to said need. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998). "'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (quoting *Chance*, 143 F.3d at 702 (internal quotation marks omitted)).

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." *Chance*, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104. "Mere disagreement over proper treatment does not create a constitutional claim," as long as the treatment was adequate. *Id.* at 703.

Nothing in plaintiff's allegations indicate the defendants chose to ignore a medical problem that could lead to plaintiff's further injury or the infliction of pain. The Court finds that plaintiff's alleged emotional distress following his grandmother's death does not constitute a serious medical need. An isolated failure to provide treatment, without more,

is generally not actionable unless "the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment." *Gil v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). The Court finds that the circumstances surrounding plaintiff's alleged distress following his grandmother's death do not suggest any degree of deliberateness, and, therefore, plaintiff has failed to allege a constitutional violation.

Plaintiff also does not allege any personal involvement on the part of any of the named defendants, including Superintendent Amoia, in relation to the denial of mental health care treatment. Compl., ¶¶ 12–13, 16. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). Simply alleging in conclusory terms only that New York State[2] failed to properly train its correctional personnel "to establish, publish and instill in [its] Correctional Personnel the practical meaning of forwarding inmates who have suffered mental anguish, emotional distress by automatic referral" for mental health services, Compl. ¶ 16, does not suffice to state a claim of personal involvement in the alleged constitutional violation. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (*per curiam*) ("[M]ere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim.") (internal quotation marks omitted)).

---

[2] Any claims against the State of New York must also be dismissed on the separate and alternative basis that the Eleventh Amendment bars any claims seeking money damages pled in the complaint against the State. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98–100 (1984).

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and, accordingly, his request to proceed *in forma pauperis* is granted. For the reasons discussed above, the complaint is dismissed with prejudice[3] pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

Dated:   JAN. 12, 2015
         Rochester, New York

                                          *Charles J. Siragusa*
                                          CHARLES J. SIRAGUSA
                                          United States District Judge

---

[3] "Generally, a district court has discretion to deny leave [to amend] for good reason, including futility...." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).

7